FRANCES B. HAWKS, Plaintiff, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1, OF THE TOWN OF PELHAM, Defendant.— On the submission of the controversy under sections 546 to 548 of the Civil Practice Act, judgment is directed for defendant, without costs. Plaintiff was a teacher of music, employed by defendant in two of its schools. She resided in the town of Pelham. Her hours of service were from eight-twenty A. M. to eleven-forty-five A. M., and from twelve-forty to about three-thirty-five P. M., on Tuesdays and Thursdays; until about three-forty-five P. M. on Mondays and Wednesdays, and until about three-fifteen P. M. on Fridays, of each week. She was accustomed to arrive at the school at or about eight-ten A. M., and to remain there as above stated. During the period from eleven-forty-five A. M. until twelve-forty P. M. she went home for her luncheon. She had a joint account with her husband in the Pelham National Bank, but had no account in any other bank. On the morning of March 1, 1933, plaintiff indorsed her check and delivered it to her husband who, around noontime on March 2, 1933, indorsed it and deposited it to his credit in an account which he opened on that day in The National City Bank of New York. Because of some engagement, plaintiff's husband did not deposit or cash the check on March 1, 1933. According to its custom, the National City Bank of New York, on March 2, 1933, forwarded the check in the ordinary course of business to the Federal Reserve Bank of New York for collection. By reason of the failure of the Pelham National Bank to reopen, plaintiff's check was never presented to it for payment, and the check was subsequently returned to the National City Bank of New York, and then to plaintiff's husband, and by him to her, and she is now the owner and holder of it. Of course, if plaintiff had presented this check at the Pelham National Bank either on the 1st, 2d or 3d of March, 1933, it could have been paid in cash or credited to the joint account. Whether the Federal Reserve Bank of New York received this check on March 2, 1933, does not appear. If it had, and the check had been forwarded to the Pelham National Bank and received on March 3, 1933, it may have met the same fate as the check in the *Jones Case* (242 App. Div. 17),

decided herewith. But in any event it would have been presented before the Pelham National Bank closed. Furthermore, the collection of this check, received on February 28, 1933, was not started by action of plaintiff or her husband until March second, two days after its receipt. The facts indicate that there was a neglectful delay in presentment of this check, and the loss due to that delay must fall upon plaintiff. The amount thereof is not disclosed. Lazansky, P. J., Kapper, Hagarty and Carswell, JJ., concur; Scudder, J., dissents and votes for the direction of a judgment for plaintiff, with the following memorandum: In the circumstances the check was presented within a reasonable time. Had the plaintiff here done exactly as was done by Nancy M. Jones [See *Jones* v. *Board of Education*, 242 App. Div. 17], Grace L. Scott [See *Scott* v. *Board of Education, post,* p. 883], and Isabel McBane Fleck [See *Fleck* v. *Board of Education, ante,* p. 879], in the cases decided herewith, the ultimate situation would not have been changed.